## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**RONALD SATISH EMRIT,**

      **Plaintiff,**

**v.**                                                    **Case No: 5:19-cv-525-Oc-30PRL**

**NATIONAL FOOTBALL LEAGUE,**
**WASHINGTON REDSKINS and**
**DANIEL SNYDER,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION[1]

      Plaintiff, Ronald Satish Emrit, who is proceeding *pro se*, brings this action against Defendants, the National Football League, the Washington Redskins, and Daniel Snyder, claiming that the Washington Redskins trademark is racist and offensive, and asserting claims for defamation and trademark infringement. Plaintiff seeks two billion dollars in damages and an injunction (or specific performance) requiring the Washington Redskins to change its trademark and name. Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2). For the following reasons, the motion should be denied and the complaint dismissed.

      An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions.   See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

complaint to determine whether it is frivolous, malicious, Afails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir.2000).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson, Miss.,* 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978). Here, the only possible basis for federal question jurisdiction is found in Count II, in which Plaintiff attempts to assert a claim for trademark

infringement under Section 32(1) of the Lanham Act. Plaintiff claims that that Defendants should be liable for trademark infringement because the Washington Redskins is using the "likeness" of all persons of Native American/American Indian ancestry. However, in order to bring a trademark infringement claim under the Lanham Act, a plaintiff must hold a valid trademark. *See Natural Answers, Inc. v. SmithKline Beecham Corp,* 529 F.3d 1325, 1329 (11th Cir. 2008); *see also,* Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) (an infringer "shall be liable in a civil action by the registrant for the remedies hereinafter provided."). Here, the trademarks at issue are held by the Washington Redskins, not Plaintiff. Because Plaintiff cannot bring a Lanham Act trademark infringement claim, and all other claims arise under state law, federal question jurisdiction does not exist.

Likewise, the Court lacks diversity of citizenship jurisdiction, which requires that the action be "between ... citizens of different States" and the matter in controversy exceed the sum or value of $75,000.00. 28 U.S.C. § 1332(a)(1). Here, while Plaintiff alleges that the parties are citizens of different states, he fails to allege any facts supporting the requisite amount in controversy. Indeed, Plaintiff's defamation theory is frivolous at best, and certainly does not support the requisite amount in controversy. To establish a defamation claim under Florida law, a plaintiff must show: (1) the defendant published a statement; (2) the statement is false; (3) the statement is defamatory; (4) the defendant acted at least negligently in publishing the statement; and (5) resulting damages. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Here, Plaintiff does not allege that Defendants made any false statements; rather, he alleges that they used the Washington Redskins trademark which is "racist and offensive to all persons of Native American ancestry." This fails to state a claim for defamation.

Accordingly, I recommend that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied and the Complaint (Doc. 1) be dismissed without prejudice for lack of subject matter jurisdiction.

Recommended in Ocala, Florida on November 5, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy